JOHN MUENCH, Corporation Counsel Barron County
You ask how a county that has adopted a resolution designating itself a responsible unit of government for recycling solid waste pursuant to section 159.09(1)(b), Stats., levies taxes for capital and operating costs against local units of government within the county where those costs are incurred in connection with the operation of a combined solid waste incineration and recycling facility. You are particularly concerned about the scope of language contained in section 59.07(135)(L) which prohibits taxation of those local units of government that have also elected to become responsible units of government for recycling solid waste pursuant to section 159.09(1)(c).
In my opinion, section 59.07(135)(L) authorizes counties that are responsible units of government under section 159.09(1)(b) to levy taxes for capital and operating expenses incurred in *Page 313 
connection with the operation of the county's recycling program only upon those local units of government which have not become responsible units of government pursuant to section 159.09(1)(c). Section 59.07(135)(L) now authorizes counties to levy taxes for capital and operating expenses incurred in connection with other solid waste management activities only upon local units of government which participate in that particular activity. Where both recycling and other kinds of solid waste management functions are performed in a single county facility, the county must use accounting principles to apportion the costs of those activities before levying taxes upon local units of government.
Section 59.07(135)(L), as amended by 1989 Wisconsin Act 335, effective May 11, 1990, authorizes counties to:
 Appropriate funds and levy taxes to provide funds for acquisition or lease of sites, easements, necessary facilities and equipment and for all other costs required for the solid waste management system except that no town, city or village which operates its own solid waste management program under s. 159.09(2)(a) or waste collection and disposal facility, or property therein, shall be subject to any tax levied hereunder to cover the [cost of operation]* capital and operating costs
of these functions. Such appropriations may be treated as a revolving capital fund to be reimbursed from proceeds of the system.
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
Section 159.09, which was created by 1989 Wisconsin Act 335, provides in part:
 (1) DESIGNATION OF RESPONSIBLE UNITS. (a) Except as provided in pars. (b) to (d), each municipality is a responsible unit.
 (b) A county board of supervisors may adopt a resolution designating the county a responsible unit. Except as provided in pars. (c) and (d), a county that has adopted such a resolution is the responsible unit for the entire county. *Page 314 
 (c) Within 90 days after the county board of supervisors adopts a resolution under par. (b), the governing body of a municipality that is located in part or in whole in the county may adopt a resolution retaining the municipality's status as a responsible unit.
 (d) The governing body of a responsible unit designated under par. (a), (b) or (c) may by contract under s. 66.30 designate another unit of government or a solid waste management system created under s. 59.07(135) to be the responsible unit in lieu of the responsible unit designated under par. (a), (b) or (c). The contract shall cover all functions required under sub. (2), including provisions for financing and enforcing the recycling or other solid waste management program.
 . . . . (2) DUTIES. Each responsible unit shall do all of the following:
 (a) Develop and implement a recycling or other program to manage the solid waste generated within its region in compliance with s. 159.07(1m) to (4) and the priorities under s. 159.05(12).
 . . . . (3) POWERS. A responsible unit may do any of the following:
 (a) Designate one or more other persons to implement specific components of the program under sub. (2)(a), if the designated person consents to the designation.
Before section 59.07(135)(L) was amended by 1989 Wisconsin Act 335 any county with a population of under 500,000 could establish a solid waste management system pursuant to section 59.07
(135). Once such a system was established, local units of government within the county could ordinarily be taxed for both the capital and operating costs associated with running such a system. However, if a local unit *Page 315 
of government within the county was already operating or subsequently elected to operate its own waste collection and disposal site or facility and therefore chose not to dispose of solid waste in the county facility, it could be taxed only for capital costs incurred in connection with the operation of the county's solid waste management system. 67 Op. Att'y Gen. 77 (1977).
1989 Wisconsin Act 335 altered the result reached in 67 Op. Att'y Gen. 77 by amending section 59.07(135) so as to make the prohibition on taxation of local units of government that operate their own solid waste management or recycling facilities in lieu of county facilities applicable to both capital and operating costs. Those counties that were operating solid waste management systems under section 59.07(135) therefore became subject to new limitations on their ability to finance such systems by virtue of the passage of that act. Similarly, those counties that chose to become responsible units of government for recycling solid waste pursuant to section 159.09(1)(b) could not finance any capital or operating costs associated with the operation of such a recycling program through taxation of those local units of government that chose to become responsible for recycling their own solid waste pursuant to section 159.09(1)(c).
Once a county board adopts a resolution to become a responsible unit of government under section 159.09(1)(b), each local unit of government within the county is given ninety days under section 159.09(1)(c) to enact a resolution retaining responsibility for recycling. By waiting for the mandatory ninety-day period to expire, a county may, prior to making substantial investments in the county's recycling program, ascertain the number of local units of government that the county may tax. Apparently because of the existence of this ninety-day window, section59.07(135)(L), as amended by 1989 Wisconsin Act 335, clearly and unambiguously states that a county which operates a solid waste management system (which includes a county that has chosen to become a responsible unit *Page 316 
of government for the recycling of solid waste under the provisions of section 159.09(1)(b)) may not impose a tax on either the capital or operating costs associated with the performance of such functions against any municipality that "operates its own solid waste management program under s. 159.09(2)(a)"
You express concern about this result, which you acknowledge appears to be required by the unambiguous language of section59.07(135)(L). You suggest that a local unit of government within the county might pass a resolution accepting responsibility for recycling under section 159.09(1)(c), make unsatisfactory progress in establishing its own recycling program and then either attempt to make interim use of the county's recycling program or ask to return to the county's recycling program at some future date.
In my opinion, neither of these circumstances is contemplated by the statutory scheme embodied in 1989 Wisconsin Act 335. Among the obligations of a "responsible unit" under the recycling law is the duty to "[d]evelop and implement a recycling or other program to manage the solid waste generated within its region." Sec. 159.09(2)(a), Stats. If the term "operates" in section59.07(135)(L) excluded local units of government within the county whose recycling programs were in the planning stage but not yet functioning, such municipalities would be required to contribute toward the cost of the county's recycling program even though they would not benefit from its operation.
The legislative history surrounding the enactment of 1989 Wisconsin Act 335 supports this conclusion. While subsequent legislative "history" should not be accorded the same weight as legislative history accompanying the passage of a particular bill, cf. Seatrain Shipbuilding Corp. v. Shell Oil Co., 444 U.S. 572,596 (1980), consideration of legislative materials created or compiled at approximately the same time and dealing with the same subject matter as the legislation which was ultimately *Page 317 
enacted may be examined in order to determine legislative intent.Cf. County of Dane v. Racine County, 118 Wis.2d 494, 500,347 N.W.2d 622 (Ct.App. 1984). A trailer bill containing technical and clarifying amendments to 1989 Wisconsin Act 335, 1991 Senate Bill 135, was prepared by the Legislative Council and introduced in the Senate. Although that bill did not pass, its contents are relevant because it deals with the same subject matter as 1989 Wisconsin Act 335 and was introduced at a point close in time to the passage of that act.
The Legislative Council's explanatory note to 1991 S.B. 135, section 36, states that the trailer bill would have amended section 159.09(1)(b) and (c) so as to permit either the county or any local unit of government within its boundaries to rescind a resolution accepting responsibility for recycling no later than ninety days after the resolution had been enacted:
 NOTE: Specifies that, for 90 days following adoption by a county of a resolution designating the county as a responsible unit, the county may rescind its resolution and cease to be a responsible unit and any municipality that adopts a resolution to remain outside the county program may rescind its resolution and remain in the county program. After the 90 days have elapsed, all resolutions in effect will remain in effect.
It is noteworthy that these proposed amendments were not characterized by the Legislative Council as embodying a mere clarification of existing law. Under the existing statutory language, a local unit of government that has accepted responsibility for recycling may only choose to transfer the entirety of that responsibility by contract to another unit of government or to a solid waste management system pursuant to the provisions of section 159.09(1)(d). A responsible unit may also elect to transfer certain specific recycling functions to a private entity or to another unit of government, including a county. See secs. 159.09(3)(a) and 159.01(5m), Stats. There are currently no other provisions for transferring or relinquishing *Page 318 
responsibility for recycling once such responsibility has been accepted under section 159.09(1)(b) or (c). The quoted legislative material provides additional support for the premise that the Legislature views the obligations resulting from actions taken by municipalities under section 159.09 as irrevocable. Thus, after the expiration of the period covered by the scheme of taxation which is in effect at the time a local unit of government within the county accepts responsibility for recycling under section 159.09(1)(c), a county may refuse to grant a local unit of government which has accepted recycling responsibility under section 159.09(1)(c), access to the county's recycling program if the county's program has been established pursuant to section 159.09(1)(b). In those circumstances, under the current statutory scheme, a local unit of government may regain access to a county's recycling program only through a contractual arrangement under section 159.09(1)(d).
Although you express no concern about the interpretation of the term "or" in that portion of section 59.07(135)(L) which prohibits the imposition of any tax on any local unit of government within the county that "operates its own solid waste management program under s. 159.09(2)(a) or waste collection and disposal facility, or property therein," it could be argued that the insertion of that word in the statute extended the statutory prohibition in such a fashion that a county would be unable to impose any tax on a local unit of government that either has elected to become a responsible recycling unit under section 159.09(1)(c) or is operating its own waste collection and disposal facility in lieu of the county's solid waste management system. Statutes, however, should be construed so as to avoid unreasonable and absurd results. State v. Clausen, 105 Wis.2d 231,313 N.W.2d 819 (1982). It would be unreasonable and absurd to permit a local unit of government to avail itself of the county's solid waste management or recycling program while evading any share of the cost of carrying out that particular program. *Page 319 
The distinction between a county solid waste management system operated under section 59.07(135) and a responsible unit of government under section 159.09(1)(b) is apparent in the language of section 159.09(1)(d), which authorizes any "responsible unit" to contract with another unit of government or "a solid waste management system created under s. 59.07(135)" to act in its stead as a responsible unit by performing all recycling activities required under section 159.09(2). That distinction is also reflected in the trailer bill, which would have created a new statute dividing the prohibition on taxation into two separate sentences, one dealing with recycling under section 159.09(2)(a), and another dealing with other forms of solid waste management. The Legislative Council's explanatory note to 1991 S.B. 135, section 10, notes that the proposed statute would have clarified existing law:
 NOTE: Clarifies, in the preceding 2 SECTIONS, current law which prohibits counties from levying a property tax to cover the capital and operating cost of a solid waste management system on property in municipalities that operate their own solid waste management systems by separating solid waste collection and disposal functions from recycling functions for purposes of this prohibition.
Using this legislative "history" in the same fashion that similar legislative "history" was used by the court of appeals in Countyof Dane, it may readily be concluded that a county is free to levy tax on a local unit of government that chooses to avail itself of either the county's solid waste management system or the county's recycling program, but that the local unit of government may only be taxed in connection with the service which it selects.
You also seek some further definition of the term "operating costs" and inquire how costs should be allocated if a county operates a combined solid waste incineration and recycling facility. Although the precise terminology was inserted in section 59.07(135)(L) by 1989 Wisconsin Act 335, "costs of *Page 320 
operation" was initially defined in 67 Op. Att'y Gen. at 78, which suggested that accounting principles should be used to distinguish between capital and operating costs. Despite its insertion in the statute, the definition of "operating costs" is now of little relevance in light of the passage of 1989 Wisconsin Act 335. Since a local unit of government must now be taxed for both capital and operating costs, or not taxed at all, there is no longer any need to distinguish capital costs from operating costs. 67 Op. Att'y Gen. 77 does, however, indicate that accounting principles should be used to apportion the costs associated with the operation of a combined physical plant if a local unit of government within the county may be taxed for only some of those costs.
I therefore conclude that section 59.07(135)(L) authorizes counties that are responsible units of government under section 159.09(1)(b) to levy taxes for capital and operating expenses incurred in connection with the operation of the county's recycling program only upon those local units of government which have not become responsible units of government pursuant to section 159.09(1)(c). Section 59.07(135)(L) now authorizes counties to levy taxes for capital and operating expenses incurred in connection with other solid waste management activities only upon local units of government which participate in that particular activity. Where both recycling and other kinds of solid waste management functions are performed in a single county facility, the county must use accounting principles to apportion the costs of those activities before levying taxes upon local units of government within the county.
JED:FTC *Page 321